## KING *vs.* PHILLIPS.

1. Where one was sued and served in Georgia, and judgment was rendered against him, a motion to set aside such judgment, on the ground that the suit was brought and service was perfected upon him whilst he was in attendance upon court, under a requisition from the governor of Georgia on the governor of Florida, by virtue of which he was forced to return to Georgia for trial, and that he did not appear and plead to the merits nor authorize any one to do so for him, was not sustained by showing merely the requisition and arrest in Florida, without any custody of him by any officer of this state. His presence will be presumed to have been voluntary, in the absence of proof to the contrary.

2. Were these facts sufficient to sustain a plea of want of jurisdiction of the person of defendant, having been served and failed to plead to the jurisdiction, he will be concluded by the judgment.

March 20, 1883.

Jurisdiction. Extradition. Judgment. Before Judge HANSELL. Brooks Superior Court. November Term, 1882.

Reported in the decision.

W. C. McCALL, for plaintiff in error.

J. G. McCALL, for defendant.

CRAWFORD, Justice.

The plaintiff in error filed his petition in the superior court of Brooks county to set aside a verdict and judgment rendered against him, upon the ground that the suit was brought and service perfected upon him whilst he was in attendance upon the said court, under and by virtue of a requisition made by the governor of Georgia upon the governor of Florida for him, as a fugitive from justice, and forced to return to the said county of Brooks to answer the criminal charge made against him. He further alleged that he did not appear or plead to the said suit, nor did he authorize any other person to do so in his behalf.

Issue was joined on the facts set out in the petition,

tried by a jury, and found in favor of the defendant in the motion. The movant submitted a motion for a new trial, because the verdict was contrary to law and contrary to evidence; and because the judge erred in charging the jury, among other things, that, to find for the movant, it was necessary for him to show that he was delivered to the agent of the state of Georgia, or that he was actually arrested by the sheriff or other officer of this state, or was a prisoner when he was served.

1. Upon an examination of the record in this case, we do not see that the verdict is contrary to law or contrary to evidence.

That there was a requisition made for him appears by the executive warrant, issued by the governor of Florida for his arrest, and that he was arrested, he himself testifies; but there is no return thereof made by the sheriff on the warrant, nor does it appear that any further action was ever had thereon, or that he was ever under arrest or in the custody of any officer of the state of Georgia. So that there was no extradition of him, in legal contemplation. His presence was not compelled, under the constitution and laws provided for that purpose, and must, therefore, be presumed to have been voluntary, unless it had been made to appear otherwise. He was, if here not as a prisoner, or under compulsion as a fugitive from justice, liable to suit as others are, and must answer thereto in like manner.

2. In so far as the remaining ground of error is concerned, we say that, whether the charge of the judge was right or wrong on the point complained of, it cannot affect or change the finding of the jury, because, if all that the movant sets out in his position be true, to avail himself of the privilege which he now claims, he should have appeared and pleaded it then by way of defence to the original suit. Having been served, he should not have neglected the defences which the law gave him, until after final judgment had been rendered, and then move to set the

same aside. He shows by his petition that he did not avail himself of his privilege at the proper time, if, indeed, he were entitled, under the facts of the case, to plead the same as against the plaintiff's right of action.

If he denied the jurisdiction of the court to proceed against him in the suit which resulted in the judgment now complained of, he should have appeared and pleaded thereto, at the proper time; otherwise, he is concluded.

See the case of Duncombe vs. Church, 1 Salk. Rep., p. 1; Code, §3456; 17 *Ga.*, 573; 27 *Ib.*, 172; 61 *Ib.*, 208; Code, §3462.

Judgment affirmed.