## CARVER *v.* CARVER.

JENKINS, Presiding Justice. This was a petition for alimony on behalf of a wife only. On the trial the jury returned a verdict against the plaintiff, and the judge overruled her motion for new trial based only on the general grounds. The defendant did not testify in the case. According to the plaintiff's evidence, the husband left his home, inviting her to go with him to a "cabin" nearer his place of work, which she refused to do, giving as her reason, "I would not consent to go with him and live in the cabin because we were then living in a five-room house." She also testified that, while he invited her to go with him, he forbade their two daughters to accompany or visit them. Both of these daughters, according to the plaintiff's petition, "are grown and of legal age." This allegation remained unstricken. The plaintiff testified that both of these daughters were married, but it is not clear from her evidence whether one of them was remarried after a divorce. The plaintiff undertook to show by her testimony, in contradiction to said unstricken allegation of the petition, that both of these daughters were minors, and that therefore the plaintiff had no right to exclude them from the home and for that additional reason she refused to follow him. *Held:*

1. "Facts alleged, positively, are constructive admissions in favor of the defendant, of the facts so alleged, and, therefore, need not be proved by other evidence. The plaintiff by introducing them in his bill, and making them a part of the record, precludes himself from disputing their truth, whether they be true or false. The allegations and admissions of the complainant's bill are, therefore, evidence against him." *Peacock* v. *Terry*, 9 *Ga.* 137 (6), 150. See also *Field* v. *Manly*, 185 *Ga.* 464, 466 (195 S. E. 406); *Youngblood* v. *Youngblood*, 74 *Ga.* 614 (2); *Hampton* v. *Thomas*, 11 *Ga.* 317, 320; *New Zealand Fire Ins. Co.* v. *Brewer*, 29 *Ga. App.* 773 (6) (116 S. E. 922). Under this ruling, the plaintiff was bound by the solemn and unstricken allegation contained in her petition, which was admitted by the answer, that all five of their children were grown and of legal age. Such unstricken allegation is "available for all proper purposes whether it be distinctly offered as evidence against the plaintiff or not." *East Tennessee Railway Co.* v. *Kane*, 92 *Ga.* 187 (5), 193 (18 S. E. 18, 22 L. R. A. 315). Even had the plaintiff's allegation as to their majority been stricken from the petition, it could still be "used as evidence in the way of admissions." *Mims* v. *Jones*, 135 *Ga.* 541, 544 (69 S. E. 824), and cit. It further appeared from the plaintiff's testimony that the two youngest children were daughters, and that one of them was married and the other either married or divorced.

2. "In this State the husband is the head of the family, and as such has the right to fix the matrimonial residence without the consent of the wife; and the wife is bound to follow her husband, when he changes his residence, provided the change is made by him in good faith, and not from whim or caprice, or as mere punishment of the wife, or to a place where he does not intend to reside, or to a place where her health

or comfort will be endangered." *Pace* v. *Pace*, 154 *Ga.* 712 (2) (115 S. E. 65). Under the foregoing ruling, the court did not err in refusing to set aside the verdict of the jury refusing alimony.

*Judgment affirmed. Bell, C. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*

No. 15190. JUNE 5, 1945.

*Herbert W. Wilson* and *Harry M. Wilson,* for plaintiff.
*E. O. Blalock,* for defendant.