### GIBBS *et al. v.* GIBBS.

JENKINS, Chief Justice. James Gibbs filed a suit in equity against his wife, Opalee Gibbs, and against E. D. McTier, A. E. Ellis, and E. E. Byrd, as officers of Sumner Masonic Lodge No. 10, alleging that he individually purchased from said lodge a certain lot in Baxley, Georgia; that said named officers of this lodge executed to him a deed to same, that he constructed a building on said lot, all financed by his personal and individual funds, and that afterwards his said wife procured from said lodge through the same officers another deed to this same lot, in which he and his wife were both named as grantees, fraudulently and without his knowledge or consent, and had this second deed recorded. He prayed: that (a) the court declare said first deed as the valid conveyance of title to said lot, and establish and decree the title thereof in him as against all defendants; (b) that said second deed be canceled as a cloud on his title; and (c) that his wife be enjoined from conveying or encumbering said property until the case was disposed of. The petition, though verified, was not sanctioned, but was filed and process was issued and served upon the defendants. The lodge officers filed defenses in the nature of the general issue. Opalee Gibbs filed an answer in which she denied the contentions of her husband, and maintained that she and her husband had purchased said lot and constructed said building jointly, that she had furnished from her individual funds a large part of the expense thereof, and that it was contemplated and agreed that the title to said property was to be theirs jointly. She prayed that the prayers of her husband be denied, that the second deed be established as the true transaction, and that under it she be decreed to have a half interest in the property. The judge upon the conclusion of the evidence directed a verdict in favor of the plaintiff in the court below to which order the defendant excepts. *Held:*

1. The exception taken on the ground that the lower court did not have jurisdiction of this case because the petition praying for extraordinary relief was not sanctioned by the judge of the court is without merit,

since, contrary to the facts in *Donalson* v. *Donalson,* 199 *Ga.* 391 (34 S. E. 2d, 451), this objection was not raised in the court below but is raised for the first time in the brief filed in this court by the plaintiffs in error. A defendant can not, after filing an answer in which affirmative relief was prayed, and after taking his chance of winning a favorable decision, object in this court for the first time to the jurisdiction of the lower court. Such actions on the part of the plaintiffs in error amount to a waiver. See Code, §§ 81-503, 81-209; *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (173 S. E. 135).

2. There being no demurrer to the petition on the ground of nonjoinder of parties, the objection that the unincorporated Masonic Lodge itself, and not merely the three officials purporting to act for it in the sale, was not made a party defendant is without merit. *Cason* v. *United Realty & Auction Co.,* 158 *Ga.* 584 (123 S. E. 894); *Groover* v. *Wilkes,* 148 *Ga.* 794 (98 S. E. 503).

3. The answer of the defendants having in effect admitted the allegations of the petition setting forth that the lodge as the common grantor had executed deeds both to the plaintiff and, later, to the defendant wife, and the deed to the plaintiff having been admitted in evidence without objection, the defendant can not by exception question the title of such common grantor, or the authority of the officers who, as shown by the answer, executed both deeds on behalf of the lodge.

4. No conflict in the evidence appears such as would have authorized a finding that the plaintiff had never accepted the deed made by the lodge to him. On, the contrary, it appears without dispute that when the deed was brought to the plaintiff and possession was taken by him, he made a cash payment of $25 and executed his four promissory notes of $25 each for the remainder of the purchase-price. The evidence by the defendant, to the effect that he later agreed to have a different deed executed to himself and his wife jointly, does not contradict the plaintiff's evidence with respect to delivery and acceptance of the original deed.

5. While the defendant testified in general terms that she had contributed $1100 from her own earnings to the purchase of the lot and the subsequent erection of the house thereon, there was no evidence to indicate in any wise that such payments represented one-half the value of the lot with its improvements; nor does the testimony in any wise indicate what proportion such an amount represents to the cost of the lot and the improvements made by the husband thereon; and therefore it would have been impossible to determine what equitable interest in the property, if any, she was entitled to. But more than this, the suit is not in fact grounded on the theory that the husband held a one-half interest in the property under an implied trust, for the reason that a portion of the purchase-money had been paid by her at or before the time the deed to the husband was made. See *Loggins* v. *Daves,* 201 *Ga.* 628 (40 S. E. 2d, 520). There was no prayer for a decree setting up such an equity, the sole relief sought about which there is any insistence being for a decree to the effect that the second deed "be allowed to stand as the correct deed." Under the rule stated in *Holder* v. *Scarborough,* 119 *Ga.* 256 (46 S. E. 93), and in *Latham* v. *Fowler,* 192

*Ga.* 686, 690 (*a*) (16 S. E. 2d, 591), the grantors, having parted with title in favor of the husband, could not thereafter convey the same title to another.    *Judgment affirmed. All the Justices concur.*

No. 15731.    APRIL 15, 1947.

*H. L. Williams* and *Heath & Heath,* for plaintiffs in error.
*Jap H. Highsmith* and *J. B. Moore,* contra.