Rogers *v.* Rogers.

Jenkins, Chief Justice. The jury having announced in open court their written verdict, as set forth in the plaintiff's bill of exceptions, granting a total divorce to the plaintiff on his libel and to the defendant on her cross-bill, it is unnecessary to determine whether or not a subsequent reduction to writing of the verdict, in which a divorce was granted the plaintiff and the disabilities of the defendant were removed, should be taken to supersede the original finding of the jury in favor of both parties. Unless it should be so taken, the verdict finding a divorce in favor of both parties and alimony in favor of the defendant would come within the rule announced in *Anthony* v. *Anthony,* 103 *Ga.* 250 (29 S. E. 923), where it was held that a verdict in favor of both parties was utterly inconsistent; since the plaintiff in the instant case could not be entitled to a verdict on the ground of wilful and continued desertion if the defendant was entitled to a verdict on the ground that she had justifiably left and remained away from the plaintiff only by reason of his living in a state of adultery with another woman, and his refusal to desist therefrom. In the *Anthony* case the court said that the anomalous situation brought about by such contradictory findings must be reversed and a new trial ordered so that a finding could be made which would enable the parties to know where

and how they stood. As stated, however, the validity of the verdict in this case as last reduced to writing, which granted a divorce to the plaintiff and removed the disabilities of the defendant, will not be adjudicated for the reason that, even if the revised verdict be taken as valid, the wife would not be entitled to alimony when the husband is granted a divorce on the ground of wilful desertion; nor would the defendant either on her cross-bill or under the evidence be entitled to recover alimony for the child who had never been adopted, nor any agreement or steps taken with respect thereto other than a mere discussion as to whether such action would be taken. See, in this connection, *Toler* v. *Goodin*, 200 *Ga.* 527 (37 S. E. 2d, 609); *Wood* v. *Wood*, 166 *Ga.* 519 (5) (143 S. E. 770). The verdict must be set aside for the additional reason that the finding in favor of the defendant on her cross-bill, in which she set up title to an alleged one-half interest in the one-half interest of her husband in a certain house and its furnishings, was not supported by the evidence, in that no testimony whatever was given for the defendant as to the value of her contribution nor as to the value of the house and furnishings, such as could in any event justify a verdict awarding to the wife title to a one-half interest in the property. *Simmons* v. *Simmons*, 194 *Ga.* 649 (2) (22 S. E. 2d, 399); *Gibbs* v. *Gibbs*, 202 *Ga.* 105 (42 S. E. 2d, 374). The plaintiff raises no point as to whether the defendant could determine such an independent question of title in a divorce proceeding. As to that question see *Thompson* v. *Thompson*, 199 *Ga.* 692, 700 (3) (35 S. E. 2d, 262).

*Judgment reversed. All the Justices concur.*

No. 15839. JUNE 10, 1947.

334

*Henry L. Barnett,* for plaintiff.    *R. F. Chance,* for defendant.