## MATHIS v. ROWLAND.

HAWKINS, Justice. 1. Public drunkenness, as defined by Code § 58-608, is not an offense of which the courts of ordinary of this State have jurisdiction under the provisions of article 6, section 6, paragraph 2 of the Constitution of 1945 (Code, Ann., § 2-4102), and Code (Ann. Supp.) §§ 92A-501, 92A-502, since such an offense is not a misdemeanor case arising under the act known as the Georgia State Highway Patrol Act of 1937, or any other traffic law. Code § 58-608 is designed as a protection against a drunkard's conduct, and not his presence. *Griffin* v. *State*, 183 *Ga.* 775, 779 (190 S. E. 2); *Peterson* v. *State*, 13 *Ga. App.* 766 (79 S. E. 927).

2. The court of ordinary being without jurisdiction of a case involving the violation of the public-drunkenness statute (Code § 58-608), a sentence imposed upon one pleading guilty to that offense in the court of ordinary is void. *Clarke* v. *Johnson*, 199 *Ga.* 163 (33 S. E. 2d, 425); *Gibson* v. *Gober*, 204 *Ga.* 714 (51 S. E. 2d, 664). Consent of parties cannot give a court jurisdiction of a subject matter when it has none by law. *Smith* v. *Ferrario*, 105 *Ga.* 51, 53 (31 S. E. 38); *Ragan* v. *Standard Scale Co.*, 123 *Ga.* 14, 16 (50 S. E. 951); *King* v. *King*, 203 *Ga.* 811, 817 (48 S. E. 2d, 465, 2 A. L. R. 2d, 1181).

3. The court of ordinary being without jurisdiction of a case of the character above indicated, the sentence imposed by that court upon the petitioner was void, and the superior court judge erred in refusing to release the petitioner upon his habeas corpus petition attacking the sentence on that ground.

*Judgment reversed. All the Justices concur.*

No. 17676. SUBMITTED NOVEMBER 14, 1951—DECIDED NOVEMBER 28, 1951.

*John Henry Poole*, for plaintiff.

*J. Bowie Gray*, for defendant.