### 19125. Morrison *v.* Morrison *et al.*

Head, Justice. 1. The judgment of a court having no jurisdiction of the person or subject matter is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Code § 110-709. "A judgment of another State without jurisdiction may be collaterally attacked." *Milner* v. *Gatlin,* 139 *Ga.* 109, 110 (2a) (76 S. E. 860); *McAlhany* v. *Allen,* 195 *Ga.* 150, 151 (23 S. E. 2d 676); *Marchman* v. *Marchman,* 198 *Ga.* 739, 743 (32 S. E. 2d 790).

2. In the present case the trial judge remanded custody of the two children to the paternal grandparents, based solely upon his finding that the decree of divorce by the Texas court is void. The validity or invalidity of the decree by the Texas court is not the controlling issue in the present case. "In a habeas corpus contest between a parent and a third party over the custody and control of a minor child, the first question to be determined is whether or not the parent, under the rules of law as

provided in the Code, §§ 74-108 et seq., has lost parental control." *Morris* v. *Grant*, 196 *Ga.* 692 (27 S. E. 2d 295); *Waldrup* v. *Crane*, 203 *Ga.* 388 (46 S. E. 2d 919); *Dornburg* v. *McKellar*, 204 *Ga.* 189 (48 S. E. 2d 820); *Byers* v. *Loftis*, 208 *Ga.* 398 (67 S. E. 2d 118).

3. The respondents introduced oral and documentary evidence in support of their allegations that the mother had freely and voluntarily surrendered custody to them, had failed to furnish necessaries, and had abandoned her minor children. The issues thus made by the response and the evidence are controlling in the cause, and they should be considered and passed upon by the trial judge.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*Fred A. Gillen,* for plaintiff in error.

*Rupert A. Brown,* contra.