### 19567. SWEATMAN v. ROBERTS et al.

WYATT, Presiding Justice. James E. Sweatman filed his suit in equity against Mrs. F. E. Harrington, Jr., and Mrs. E. J. Roberts, in which he alleged in substance: that the defendant Mrs. E. J. Roberts is a resident of Whitfield County, Georgia; that Mrs. F. E. Harrington, Jr., is a nonresident of Georgia; that the land involved in this suit is located in Chattooga County, Georgia; that the plaintiff is in possession of the land described; that the property was set aside on October 5, 1936, as a year's support to Mrs. W. A. Warnock and two minor children, the two minor children being the two named defendants; that Mrs. W. A. Warnock, without an order of the ordinary, conveyed the property to Tom Warnock by warranty deed dated December 18, 1941; that Tom Warnock conveyed the property to the plaintiff by warranty deed dated October 4, 1947, for a consideration of $3,000; that the year's support and the deeds are duly on record; that the plaintiff purchased the property without knowing of the year's support proceeding; that petitioner has since October, 1947, been in peaceful possession of the property, cultivated the land, and resided in the house located on the land; that the plaintiff entered into an agreement to sell his property, and that the purchaser discovered the year's support proceeding and refused to consummate the sale for that reason; that the defendants refuse to execute a quitclaim deed; that, on December 18, 1941, when Mrs. W. A. Warnock conveyed the property to Tom Warnock, the defendant Mrs. E. J. Roberts was 22 years old; that on October 4, 1947, when Tom Warnock conveyed the property to the petitioner, both defendants were more than 21 years of age; that the petitioner has acquired title to the property by reason of his possession of the property for more than seven years under color of title. The prayers of the petition were in substance that the court decree that the defendants have no title to the property in question, that title to the property be de-

creed to be in the petitioner, and that the petitioner have general relief. The defendants filed a general demurrer to the petition, which was sustained and the petition dismissed. The exception here is to that judgment. *Held:*

The first question here presented is whether or not the trial court had jurisdiction of the subject matter of this suit. The answer to this question depends upon whether or not the suit is one in equity or is a suit involving title to land, and whether or not any question as to the jurisdiction has been or can be waived in this case. Article 6, section 14, paragraph 2 of the Constitution of Georgia (Code, Ann., § 2-4902) provides as follows: "Cases respecting title to land shall be tried in the county where the land lies, except where a single tract is divided by a county line, in which case the Superior Court of either county shall have jurisdiction." Article 6, section 14, paragraph 3 of the Constitution of Georgia (Code, Ann., § 2-4903) provides: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." See also Code § 3-202. Code § 24-112 provides: "Parties by consent express or implied, may not give jurisdiction to the court as to the person or subject-matter of the suit. It may, however, be waived, in so far as the rights of the parties are concerned, but not so as to prejudice third persons." "Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment." *Smith* v. *Ferrario,* 105 *Ga.* 51, 53 (31 S. E. 38). "Where the court has no jurisdiction over the subject-matter of a suit, parties can not confer jurisdiction by agreement. Although this question was not argued by counsel for either side before this court, and we presume it was waived for the purpose of obtaining a final adjudication as to the right of the plaintiff in error to sell liquors, yet we can not, even upon such consent and waiver, sustain the judgment of the court granting an injunction when no jurisdiction has been conferred upon it by law. The judgment in such a case is void, and no consent or waiver of the parties litigant can make it a legal judgment of a court of law or equity." *O'Brien* v. *Harris,* 105 *Ga.* 732, 736 (31 S. E. 745).

See also *Cutts* v. *Scandrett*, 108 *Ga.* 620 (34 S. E. 186); *Dix* v. *Dix*, 132 *Ga.* 630 (64 S. E. 790); *Owenby* v. *Stancil*, 190 *Ga.* 50 (8 S. E. 2d 7); *Empire Land Co.* v. *Stokes*, 212 *Ga.* 707 (95 S. E. 2d 283). It appears from the record in this case that the suit was one to remove from the record a certain year's support proceeding as a cloud upon the title of the plaintiff in error to described land in his possession. The case was, therefore, one in equity and not one respecting title to land. This being true, the suit should have been brought in the county of a defendant against whom substantial relief is sought. Since the suit was brought in a county where neither defendant resided, the court was without jurisdiction of the subject matter, and such jurisdiction can not be conferred by consent or waived by the parties. It follows, the judgment of the court below sustaining the general demurrer to the petition and dismissing same was not error. This ruling disposes of the case and it is not necessary to rule upon other questions raised.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1957—DECIDED FEBRUARY 12, 1957— REHEARING DENIED MARCH 13, 1957.

*F. H. Boney,* for plaintiff in error.

*Thomas J. Espy, Jr., Charles T. Culbert, Robert Edward Surles,* contra.