19658. STEPHENSON *v.* FUTCH, Sheriff, *et al.*

WYATT, Presiding Justice. Willie Woodrow Stephenson, Jr., filed a petition for the writ of habeas corpus in the Superior Court of Lowndes County against J. L. Futch, Sheriff of Lowndes County, and J. B. Edwards, Solicitor-General of the Southern Judicial Circuit, seeking his release from custody under an extradition warrant which sought to return petitioner to Florida to stand trial on a charge of unlawfully withholding support of his minor child, Woodrow Francis Stephenson. He also filed a second petition for habeas corpus against Shirley Belclef Stephenson, in which he sought, among other things, custody of his minor child, Woodrow Francis Stephenson. At the outset of the case, the judge and counsel for all parties entered into a discussion of the matter of hearing these two cases together. The judge stated that there were two causes of action, one on custody and one on the Uniform Extradition Act. A motion to consolidate the cases was made during the discussion, but no ruling was ever made on this motion and no order consolidating these cases was ever entered. Counsel agreed to allow both cases to be heard together for the saving of time. The court then stated: "The points that I am interested in this morning are the extradition warrant which you have attached to the petition. The requisition together with the extradition warrant. Now we will get down to the question of custody of the child. I want to go into that." A hearing was then held, in which evidence was introduced upon questions involved in both cases. Thereafter, the judge of the

court below entered two separate judgments. In the extradition case, the prayer for discharge was denied, and the petitioner was remanded to the custody of the sheriff. In the custody case, the minor child was awarded to the mother, Shirley Belclef Stephenson. During the progress of the trial, certain other orders were entered, which are not material here. The plaintiff in error seeks to review all of these judgments and orders in both cases in a single bill of exceptions to this court. *Held:*

1. While no motion to dismiss the bill of exceptions has been made in this court, it is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. *Rowland* v. *State,* 199 *Ga.* 340 (34 S. E. 2d 577); *McDowell* v. *Mc-Dowell,* 194 *Ga.* 88 (20 S. E. 2d 602).

2. It is the well-settled rule in this State that a mere agreement for several cases to be tried together does not amount to a consolidation of the cases into one case, and that, under such circumstances, the losing party can not, by a single bill of exceptions, bring to this court for review the judgments separately rendered in such cases in the court below. *Wells* v. *Coker Banking Co.,* 113 *Ga.* 857 (39 S. E. 298); *Erwin* v. *Ennis,* 104 *Ga.* 861 (31 S. E. 444); *Purvis* v. *Ferst,* 114 *Ga.* 689 (40 S. E. 723); *Harris* v. *Gano & Jennings,* 117 *Ga.* 950 (44 S. E. 8); *Futch* v. *Mathis,* 148 *Ga.* 558 (97 S. E. 516); *Brownlee* v. *Brownlee,* 203 *Ga.* 377 (46 S. E. 2d 901). In the instant case, there was no consolidation of the cases into one case, but they were simply tried together in the interest of saving time. A separate judgment was rendered in each case. Under these circumstances, there is no authority in law for the review of the two judgments in a single bill of exceptions; and, under the authorities above cited, this court is without jurisdiction to consider such a bill of exceptions. The rulings herein made are not in conflict with those made in *O'Malley* v. *Wilson,* 182 *Ga.* 97 (185 S. E. 109), where there was an actual and legal consolidation of cases, or with the rulings in *Mc-Crary* v. *Salmon,* 192 *Ga.* 313 (15 S. E. 2d 442), where this court held that, while there were two verdicts and two motions for new trial on the same grounds, they were in substance the same and amounted to no more than a single verdict and a single motion for new trial, and that the losing party could

complain in a single bill of exceptions. Accordingly, this court is without jurisdiction to consider the writ of error in this case and same is hereby

*Dismissed. All the Justices concur.*

ARGUED APRIL 8, 1957—DECIDED MAY 14, 1957.

*Jesse T. Edwards,* for plaintiff in error.

*H. B. Edwards, Jr., H. B. Edwards, Sr., W. J. Gibbons,* contra.