20330. JACKSON *v.* JACKSON.

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 9, 1959—
REHEARING DENIED MARCH 6, 1959.

*W. Harvey Armistead,* for plaintiff in error.

*Zachary & Hunter,* contra.

WYATT, Presiding Justice. This case has had a long and bitterly contested history in the courts of this and other states, which need not be reviewed here except as will hereinafter appear. In the case now before this court, plaintiff in error, Oscar H. Jackson, seeks by writ of habeas corpus against Mildred Eleanor Jackson, his former wife, to obtain permanent and total custody of two minor children, aged 16 and 12, the issue of the former marriage between the parties. It appears that a divorce had been granted the parties in Duval County, Florida. Thereafter, a habeas corpus proceeding was filed in DeKalb Superior Court by Mildred Eleanor Jackson, seeking custody of the minor children. In that proceeding, custody was awarded to Oscar H. Jackson, but he was ordered to deliver the children at the residence of Mildred Eleanor Jackson on the first and fourth Fridays of each month for the week end.

It further appears that, except for a few week ends, the exact number being uncertain, the children absolutely refused to stay with their mother at the Candler Hotel in Decatur, Georgia, where she resided, but that upon being delivered there, they would run away and return to the home of the plaintiff in error. Mildred Eleanor Jackson then brought a rule for contempt against Oscar H. Jackson, seeking to have him held in contempt of court for refusing to obey the former order. The court (Judge Clarence Vaughn presiding) found him in contempt of court, but withheld punishment. The order further provided that Oscar H. Jackson should deliver the children at the Candler Hotel in Decatur to Mrs. Mildred Eleanor Jackson every other week end at specified times, and that, in the event the children should not remain with their mother, Oscar H. Jackson should deliver them to the Sheriff of DeKalb County at his office in the courthouse in Decatur, Georgia, at 4 o'clock p. m. on the Friday following the failure of the children to comply with the order, at which time the sheriff should deliver the children to the Juvenile Home of Fulton County, where they were to remain for the specified week ends.

After this order was entered, the children still refused to stay with their mother, and the father on at least one occasion delivered them to the sheriff of DeKalb County, who then called

Judge Vaughn and asked him what to do with them. He was told to take them to the Candler Hotel and deliver them to Mrs. Mildred Eleanor Jackson. This was done, and the children immediately ran away and returned to the home of the plaintiff in error. Thereafter, Oscar H. Jackson brought this suit seeking to have total and permanent custody awarded to him. After a hearing, the court, Judge H. O. Hubert, Jr., presiding, entered an order finding: "That there has been no change in condition since the previous order affecting the custody of Jonathan William Jackson and Mary Elizabeth Jackson, the minor children of the parties hereto, and the relief prayed for is therefore denied.

"It appearing to the court that since the rendition of the order of this court on the 10th of July, 1958, that said minor children have failed and refused to abide by said order, having on several occasions escaped from the custody of their mother during the times ordered for visitation and it further appearing to the court that the petitioner, Oscar H. Jackson, has failed and refused to encourage the children to comply with the order of the court and said children having stated in open court that they will not voluntarily comply with the order of the court with respect to visitation with their mother in the future;

"It is further considered and ordered, and adjudged that the Sheriff of DeKalb County shall furnish a lawful deputy to keep said children under surveillance from the time of their delivery to their mother for visitation. . . Said Sheriff of DeKalb County is authorized and directed to compensate such deputy sheriff or sheriffs in the sum of not exceeding $25.00 for each visitation period.

"It is ordered that the petitioner pay the cost of such surveillance, said payments to be made to the Sheriff of DeKalb County for the use of the deputy on duty. . ."

The plaintiff in error here excepted to the above order and seeks to review same in this court.

It appears from the record in this case that the last order fixing the custody of the children here involved was the order in the habeas corpus proceeding by Mildred Eleanor Jackson against Oscar H. Jackson, rendered June 24, 1958, which placed custody in Oscar H. Jackson, but gave Mildred Eleanor Jackson

the right to have them visit her on the first and fourth week ends of each month and for two weeks in the summer. The order of July 10, 1958, in the contempt case did not involve the custody of these children. It only involved the question of whether or not the defendant in that proceeding had wilfully disobeyed the order of the court. The provisions as to custody remained the same, and the order simply provided a method by which the defendant could avoid being in contempt of court in the event the children would not remain with their mother in accordance with the provisions of the order of June 24, 1958.

The question now involved in the instant case, therefore, is whether or not there has been a change in condition affecting the welfare of these children since the order of June 24, 1958. It is clear that there has been. The order of June 24, 1958, is the order that fixed the present custody arrangement. Since that time, under the uncontradicted evidence in this case, the children have been delivered at the residence of the mother at the Candler Hotel in Decatur, Georgia, and on almost every occasion they ran away, wandered about the streets of Decatur and Atlanta, caught a bus or trolley and made the trip from Decatur to Atlanta of an hour or hour and one-half to return to the home of their father. It further appears that the mother is completely unable to control the children or to keep them at her residence during the times specified in the order of June 24, 1958. The finding in the order of July 10, 1958, here under review, to the effect that the petitioner, Oscar H. Jackson, "has failed and refused to encourage the children to comply with the order of court," is completely without evidence to support it. To the contrary, the evidence shows without contradiction that he did everything he could to get them to comply with the order.

Under the circumstances above set out, it is clear that there has been a very definite and material change in the conditions affecting the welfare of these children. It is equally clear that the welfare and best interest of these children can not be served by continuing to have them delivered to the residence of Mildred Eleanor Jackson from which they run away and wander on the streets alone for an hour or an hour and a half and longer. Nor is it to their welfare and best interest to have them delivered to

750

a juvenile home for the week end or to place them under guard at the Candler Hotel, where Mildred Eleanor Jackson resides, in order to force them to remain there.

There is nothing in the evidence to show that the father is not a fit and proper person to have custody of these children. He was found by the former order to be fit and proper. There is nothing to show that there has been any change in his fitness since that time. Under these circumstances, the evidence demanded a finding that there had been a change in the conditions affecting the welfare of these children, and it further demanded a finding that the welfare and best interest of these children will best be served by placing their total and permanent custody in their father. The order here under review was, therefore, for the reasons above set out, erroneous, was an abuse of discretion, and must be reversed.

It is further ordered and directed, under the authority of Code § 6-1610, that upon the return of the remittitur from this court, the trial court enter an order modifying the order of June 24, 1958, so as to place total and permanent custody of these children in the petitioner, Oscar H. Jackson.

*Judgment reversed with direction. All the Justices concur.*