37720. DOUGHERTY COUNTY COUNCIL OF ARCHITECTS, etc., et al. v. BECKANSTIN.

DECIDED JULY 16, 1959—REHEARING DENIED JULY 28, 1959.

Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, James P. Groton, Sutherland, Asbill & Brennan, for plaintiffs in error.

Wotton, Long & Jones, Grigsby H. Wotton, contra.

QUILLIAN, Judge. ■ Code (Ann.) § 84-319 provides in part: "The State Board for Examination, Qualification and Registration of Architects may revoke any certificate after 30 days' notice, with grant of hearing to the holder thereof, if proof satisfactory to the said board shall be presented, in the following cases: (a) When it is shown that the certificate was obtained through fraud or misrepresentation . . ." By the terms of Code § 84-320 it is provided: "Proceedings for the revocation of a certificate shall be begun by filing written charges against the accused with the Board for the Examination and Registration of Architects through the Joint-Secretary, State Examining Boards. A time and place for the hearing of the charges shall be fixed by the said Board. Where personal service or service through counsel cannot be effected, service may be made by

publication once a week for four weeks in a newspaper published in the county wherein the holder of said certificate is supposed to reside. At the hearing the accused shall have the right to be represented by counsel, to introduce evidence, and to examine and cross-examine witnesses. The Joint-Secretary shall make a written report of the findings of the Board, which report shall be filed with the Secretary of State, *and which shall be conclusive.*" (Italics ours.)

While we deem it unfortunate that the General Assembly did not see fit to provide for an appeal to the superior court for licenciates from decisions of the Georgia State Board for the Examination and Registration of Architects upon questions involving the revocation of licenses and certificates of architects, and thus expedite and facilitate access to the courts as the General Assembly has done with reference to the various other professional boards (See Title 84 of the Code of 1933, Annotated); and whether or not the board in the present case could be said to have been clothed with judicial powers, under a proper construction of the provisions of the various acts creating the board and enumerating its powers, such that it might be said that its action in revoking the license and certificate of the defendant, Beckanstin, was a judicial action subjecting it to the writ of certiorari from superior courts as authorized by Art. VI, Sec. IV, Par. V of the Constitution (Code, Ann., § 2-3905), although it has been held on several occasions by both this court and the Supreme Court that the exercise of such powers by such administrative boards is not the exercise of a judicial function (See *Mayor &c. of Union Point* v. *Jones*, 88 *Ga. App.* 848, 78 S. E. 2d 348; *Southeastern Greyhound Lines* v. *Georgia Public Service Commission*, 181 *Ga.* 75, 181 S. E. 834, 102 A.L.R. 517, and numerous citations; *McKown* v. *City of Atlanta*, 184 *Ga.* 221, 190 S. E. 571; *Acree* v. *Ragsdale*, 60 *Ga. App.* 717, 4 S. E. 2d 708; *Wofford* v. *Porte*, 212 *Ga.* 533, 93 S. E. 2d 690; *Wofford Oil Co.* v. *City of Calhoun*, 183 *Ga.* 511, 189 S. E. 5; *City of Macon* v. *Herrington*, 198 *Ga.* 576, 32 S. E. 2d 517), it is elementary that acts of the General Assembly will be presumed to be constitutional until declared to be otherwise by the courts (*Carey* v. *Giles*, 9 *Ga.* 253; *Williams* v.

*O'Connor,* 208 *Ga.* 39, 64 S. E. 2d 890). By the terms of Code § 84-320, *a finding by the Board revoking a certificate is made final and conclusive.* No attack has been made at any point during such proceedings on the constitutionality of the act from which this section was codified, nor has the act ever been held to be unconstitutional, insofar as we are aware. Consequently, under the present state of the law upon this subject, a licentiate of the State Board for Examination, Qualification and Registration of Architects may not by appeal, or writ of certiorari, have the action of the board in revoking his license reviewed. See in this connection, *Skrine* v. *Jackson,* 73 *Ga.* 377; *Aspironal Laboratories* v. *Mallinckrodt Chemical Works,* 180 *Ga.* 544 (179 S. E. 709).

This ruling is not to be understood as holding that the licentiate whose certificate has been revoked is remediless and without access to the courts. If the board is believed to have acted arbitrarily, capriciously, or fraudulently, there can be no doubt that he may, by proper action in equity, apply to the superior court and have such action of the board reviewed, and prevent a defect of legal justice from ensuing. See *Daniels* v. *Commissioners,* 147 *Ga.* 295 (93 S. E. 887); *Wofford Oil Co.* v. *City of Calhoun,* 183 *Ga.* 511, supra.

■ In view of what has been held in the foregoing division of this opinion, the Superior Court of Fulton County was without jurisdiction to issue, as it did, a writ of certiorari to the State Board of Examination, Qualification and Registration of Architects; and, where, as in the present case, it appears to an appellate court (either the Court of Appeals or the Supreme Court) that the trial court is without jurisdiction of the subject matter, the appellate court will, either on motion or ex mero motu, reverse the judgment of the trial court. *Smith* v. *Ferrario,* 105 *Ga.* 51, 54 (31 S. E. 38); *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186); *Mathis* v. *Rowland,* 208 *Ga.* 571 (67 S. E. 2d 760); *Sweatman* v. *Roberts,* 213 *Ga.* 112 (97 S. E. 2d 320). All further action by the superior court was nugatory.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*