### 20749. BROWN *v.* GOODLOE.

HAWKINS, Justice. Hazel C. Goodloe brought her petition for habeas corpus, in Chatham Superior Court, July 27, 1959, against Benton Bascome Brown, Sr., seeking to obtain custody of their son, Benton Bascome Brown, Jr., seven years of age, the petition alleging that there had been a substantial change in circumstances affecting the welfare of the child since the award of custody had been made in the divorce decree. On August 27, 1959, the trial judge entered the following order:

"The foregoing matter having come before me to be heard on the 5th day of August, 1959, for a modification of an order dated the 14th day of March, 1955, and it appearing to the court that under the agreement entered into between the parties in which

the Superior Court of Richmond County made the same a part of its order, the said parties were to have the custody of their minor child, to-wit: Benton Bascome Brown, Jr., for a period of six (6) months each, commencing on April 1, 1955, with the custody being placed in the defendant named herein and alternating on the following six months with the said custody being in the said plaintiff herein and each and every six months thereafter. It appearing to the court that the child is now of school age and was not of school age at the time that the agreement of the parties was entered into, and the order of the court executed, and it further appearing that the change of circumstances is such that it is for the best interest of the child's welfare that he be placed with one of the parties during the school term, with him during a period of 6 weeks during the summer months, and it further appearing to the court that at the time that this agreement between the parties was entered into and the court executed its order embodying said agreement into the same, the said plaintiff, Hazel C. Goodloe was not married and was not in a financial position to take care of said child, although her moral character was without blemish and it now appearing that she is married and is in a financial position to care for and give the said minor child a proper home. Now, therefore, it is considered, ordered and adjudged that the said custody of the minor child, Benton Bascome Brown, Jr., shall be and is hereby placed in the plaintiff during the regular school term, with the said defendant, Benton Bascome Brown, Sr., having the right of having said child with him for six (6) weeks during the summer vacation, said six week period to be agreed upon between the parties at least two weeks prior to the cessation of each school term and in the event that the said parties cannot agree as to what six weeks each will have the said minor child during the summer months, then in that event this court will designate the six weeks period. Said child is hereby made the ward of said court, and said order shall be subject to change at any time by said court, on its own motion, or on motion of either party. It is further ordered that the said defendant, Benton Bascome Brown, Sr., deliver the said minor child, Benton Bascome Brown, Jr., to the plaintiff by August 31, 1959, so that he can be enrolled in school at the residence of his mother, to-wit: Jacksonville, Florida. So ordered, this 27th day of August, 1959."

On September 15, 1959, the father filed a motion to set aside the judgment, in which he contends that it is so vague, indefinite, and contradictory that it is unenforceable; that the part which attempts to retain jurisdiction of the child by making him a ward of the court is invalid; that it subjects the father to the whim and caprice of the mother; that it is an arbitrary abuse of discretion on the part of the trial judge, since it strips the father of his inherent paternal rights of visitation, and that false allegations in the mother's petition warrant setting aside the order and judgment. The trial judge denied this motion on October 30, 1959, and the exception is to this judgment. *Held:*

1. As was done in this case, "Where custody of a child has been finally awarded to the parents alternately, . . . a writ of habeas corpus brought by the mother to obtain full-time custody of the child should be brought against the father in the county of his residence." *Dutton* v. *Freeman,* 213 *Ga.* 445 (1) (99 S. E. 2d 204). See also *Gibbs* v. *North,* 211 *Ga.* 231 (2) (84 S. E. 2d 833).

2. "In all cases between parents for the custody of minor children, the law imposes upon the trial judge the duty to exercise a sound discretion and to let the welfare of the child control his award. He is empowered to award such custody to a non-resident for one month each year, and to the resident parent for the other eleven months; and whether the judge requires bond of the non-resident for the return of the child is a matter solely in his discretion." *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d 786).

3. The order does not deprive the father of visitation rights. While it is contended that certain allegations with respect to the mother's right of custody and the illegal detention of the child by the father are false, and that the order is an arbitrary abuse of discretion, there is no brief of evidence in the record, and this court cannot pass on these questions. We might say, however, that counsel for the plaintiff in error states in his brief that "It is conceded that it is to the best interest of a child of school-age that he be placed with one parent during the school year." *Register* v. *Colter,* 171 *Ga.* 439 (3) (155 S. E. 767); *Odom* v. *Odom,* 205 *Ga.* 767 (55 S. E. 2d 148); *Stout* v. *Pate,* 209 *Ga.* 786 (1) (75 S. E. 2d 748).

4. It is contended that the part of the order of August 27, 1959, to the effect that, if the "parties cannot agree as to what six

weeks each will have the said minor child during the summer months, then in that event this court will designate the six weeks' period," and "Said child is hereby made the ward of said court," is invalid. We agree with this contention, since "A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing, and any attempt by the trial judge to retain jurisdiction of the child is a nullity. *Anthony* v. *Anthony*, 212 *Ga.* 356 (92 S. E. 2d 857), and citations." *Perry* v. *Perry*, 212 *Ga.* 668 (1) (95 S. E. 2d 2). However, this erroneous provision in the order, seeking to retain jurisdiction of the child by the trial judge is mere surplusage, and will not require a reversal of the entire judgment, but only of this erroneous provision thereof (*Stout* v. *Pate*, 209 *Ga.* 786 (2), 75 S. E. 2d 748), and direction is given that, upon the return of the remittitur from this court, the trial judge make the judgment more definite and final by specifically designating the six weeks during each summer, when the child is not in school, that the father shall be entitled to custody. Code § 6-1610; *Jackson* v. *Jackson*, 214 *Ga.* 746 (107 S. E. 2d 833).

*Judgment affirmed in part, and reversed in part with direction. All the Justices concur.*

ARGUED JANUARY 11, 1960—DECIDED MARCH 15, 1960.

*Owen H. Page*, for plaintiff in error.