Williams *vs.* Lampkin & Company *et al.*

THOMAS R. WILLIAMS, administrator, plaintiff in error, *vs.* WILLIAM L. LAMPKIN & COMPANY *et al.*, defendants in error.

1. In a proceeding to attach the defendant to a bill in equity for violating. a restraining order of the chancellor, in collecting certain assets of an estate of which he was one of the administrators, it would be technically more correct to specify in the petition what assets had been collected; but as the petition alleged that he had collected a large amount of such assets and converted the same to his own use, a demurrer thereto was properly overruled.

2. Where a defendant has eight days notice of a proceeding to attach him for violating a restraining order of the chancellor, in collecting and converting to his own use a large amount of the assets of an estate of which he was one of the administrators, the facts necessary to sustain such charge being peculiarly within his own knowledge, an application for a continuance was properly overruled.

3. A restraining order has all the force of an injunction until rescinded or modified by the chancellor.

4. The judges of the superior courts of this state, in the exercise of chancery jurisdiction, must necessarily be allowed a large discretion in enforcing obedience to their orders, which this court will not control unless grossly abused.

5. It is within the discretion of the chancellor to rescind or modify his orders at any time. upon sufficient cause therefor being shown, or as the exigencies of the case may require.

Equity. Attachment. Contempt. Injunction. Continuance.. Before Judge HALL. Butts county. At Chambers. January 13th, 1874.

For the facts of this case, see the decision.

D. J. BAILEY; Z. D. HARRISON; H. HENDRICK, for plaintiff in error.

SPEER & STEWART; CABANISS & TURNER; PEEPLES & HOWELL, for defendants.

WARNER, Chief Justice.

This was an application by petition of complainants in an injunction bill, to attach the defendant for contempt for the violation of a restraining order of the judge acting as chan-

cellor, made in the cause, pending the motion to grant a permanent injunction. The restraining order granted by the chancellor enjoined the defendant from further collecting, having or using the books, notes, accounts, debts, dues, claims, cash, lands, or other property of the estate of Tanner, of which he was one of the administrators, or removing, using, selling, or offering to sell, or converting to cash, any portion of said estate, which was duly served on the defendant. The petition for the attachment set forth the granting of the injunction, the service thereof on defendant, the appointment of a receiver to take charge of the assets, and alleged that the defendant had violated the injunction by collecting a large amount of assets belonging to the estate of Tanner and converting the same to his own use. The presiding judge, acting as chancellor, granted an order requiring the defendant to show cause why he should not be attached for contempt in violating the injunction, and that a copy of the order be served on the defendant eight days before the time appointed for the hearing thereof. The defendant appeared and demurred to the complainant's petition, which demurrer was overruled, and the defendant excepted. The defendant made a motion to continue the case, which was overruled, and the defendant excepted. The chancellor heard evidence as to the violation of the injunction by both parties, and allowed the defendant to file his answer in explanation of the evidence offered by complainants, and then granted an order that the defendant be imprisoned in the common jail of the county of Butts until he paid the sum of $700 00 to the receiver appointed for Tanner's estate, that being the amount collected by him after the service of the injunction, and $25 00 for contempt in violating the injunction, with the cost of the proceeding; whereupon the defendant excepted.

1. The demurrer to the petition was properly overruled. The injunction had been served on the defendant, and he knew the terms of it. It was alleged in the petition that the defendant had violated the injunction by collecting a large amount of assets belonging to the estate of Tanner, and con-

verting the same to his own use. It would have been technically more correct to have alleged the specific assets of the estate which he collected and converted to his own use, if known to the complainants. But the demurrer admitted that he had collected a large amount of the assets belonging to the estate of Tanner, and converted the same to his own use, whereas, the injunction restrained him from the collection of any part thereof, and having admitted, by the demurrer, that he had collected a large amount of the assets, the legal presumption would be that he had knowledge of the specific assets of the estate, which, by his own act, he had collected and converted to his own use.

2. The motion for a continuance was properly overruled on the grounds stated therefor. The defendant was called on to show cause why he should not be attached and punished for contempt in violating the injunction, and he was served with the rule to show cause eight days before the time appointed for the hearing thereof. The grounds for continuance were, that the defendant did not know what acts of wrong were charged against him, and was taken by surprise by the evidence taken *ex parte* by the complainants against him. The defendant was notified by the rule *nisi* served upon him what was the wrong charged against him, to-wit: the violation of the injunction which had been served upon him by the collection of a large amount of the assets belonging to the estate of Tanner, and converting the same to his own use, and therefore he could not have been surprised when the complainants, on whom the burden of proof rested, offered evidence to sustain that charge; the violation of the injunction was the wrong charged against him, and that was the charge he was called upon to answer; that was the charge which the complainants were bound to establish by competent evidence, and which they did establish to the satisfaction of the chancellor, and what the witnesses knew in relation to his violation of the injunction must have been known to the defendant himself. When the injunction was served on the defendant, it was his

Williams vs. Lampkin & Company et al.

clear duty to have obeyed it. The terms of that injunction have been already recited.

3. It is possible that the defendant may have thought that the restraining order was not binding upon him until the permanent injunction was granted on the hearing therefor, as he says he had no intention to violate it, but the law is, that when an order restraining the party complained of, is granted until the hearing, or the further order of the court, such restraining order shall have all the force of an injunction until rescinded, or modified by the court: Code 3211. Every decree or order of a court of equity, may be enforced by attachment against the person for contempt. Injunctions may also be enforced by attachment: Code secs. 4216, 4218. In this case, after hearing the complainants' evidence as to the violation of the injunction, the presiding judge, acting as chancellor, allowed the defendant to explain that evidence by his answer so far as he was able to do so, but that explanation only went to show that the collecting of the assets of the estate by the defendant, after the service of the injunction, was mainly for the purpose of securing his individual claims against Tanner's estate, which he could not lawfully have done without violating the injunction. Whatever claims he might have had against the estate could only be paid according to the dignity thereof, by the decree of the court marshaling the assets of the estate, and not by an appropriation of the assets of the estate by the defendant himself in payment of his own claims, in violation of the injunction, whatever may be the justice or the dignity thereof. The chancellor ordered the defendant to be attached and imprisoned until he paid over to the receiver the $700 00 which the evidence before him showed the defendant had collected or received from the assets of the estate, after the injunction had been served upon him, and until he paid $25 00 for contempt of the order granting the injunction, and the costs. It was said on the argument, that this order of the judge was harsh and oppressive to the defendant; the way of the transgressors is always hard. When the defendant took the responsibility of violat-

ing the injunction, he did so at his peril. What has the presiding judge, acting as chancellor, done in this case? He ordered the defendant to pay over to the receiver the amount of the assets belonging to the estate, which the evidence before him showed that the defendant had collected or received after the service of the injunction upon him, and imposed a pecuniary fine of $25·00 for his contempt of the injunction order, including the costs of the proceeding, and that the defendant be attached and imprisoned until he paid the same. The penalty for contempt of the injunction order was quite moderate enough, and it was nothing but right that the defendant should pay over to the receiver the amount of assets belong to the estate, which he had collected or received after the injunction had been served upon him and in violation thereof, and it was competent for the presiding judge, acting as chancellor, to enforce that order by attachment and imprisonment.

4. The judges of the superior courts in this state, in the exercise of the chancery jurisdiction conferred by the laws thereof, must necessarily be allowed a large discretion in granting and enforcing obedience to the orders and processes which they are authorized and required to issue, and this court will not interfere to control that discretion, unless it has been grossly abused. This court has no original jurisdiction to grant or dissolve injunctions, or to exercise its discretion in the enforcement of orders in relation thereto; that jurisdiction and discretion is vested in the judges of the superior courts, and it is to be exercised by them, subject only to be reviewed by this court when the laws of the land, or the principles of equity, have been violated in the exercise of that discretion.

5. It is within the discretion of the chancellor in this, as well as other cases, to rescind or modify his order at any time, upon sufficient cause therefor being shown, or as the exigencies of the case may require. It is one of the first and imperative duties of the citizen, to obey all lawful orders and judgments of the regular constituted tribunals of the state, and it is also the correlative duty of the judicial officers of the

state, to see to it that all such orders and judgments are respected and enforced, in the exercise of that sound discretion vested in them by law for that purpose. In view of the facts disclosed in the record before us, we will not interfere with the exercise of the discretion of the presiding judge, acting as chancellor, in granting the order complained of.

Let the judgment of the court below be affirmed.