### 26861. DURHAM et al. v. SPENCE et al.

UNDERCOFLER, Justice. In 1969 Ronald Kenneth Spence filed a suit for divorce against Susan Durham Spence in the Superior Court of Cobb County. He sought custody of their two minor children and contended that the defendant was an unfit mother. The defendant denied the charge of unfitness and sought custody of the children and child support. Mr. and Mrs. R. T. Spence, paternal grandparents and residents of Georgia, moved to intervene in the divorce action. They alleged that neither of the parents was fit to have custody of the children. They averred that the children were presently living with them and prayed for continued custody. Mr. and Mrs. J. R. Durham, maternal grandparents and residents of North Carolina, filed a motion seeking custody of the children. The maternal and paternal grandparents were allowed to intervene in the divorce suit and were made parties. The final decree of June 2, 1969, awarded custody of the children during the school year to the mater-

nal grandparents and during the summer months to the paternal grandparents. The plaintiff and the defendant assented to the decree. The decree further provided that the respective parent should have the right of visitation of the children in their respective parents' home without restriction "except said respective parent shall be prohibited from removing the children from the home and the said grandparents shall prevent the same." The decree contained an express command and directed the parties to obey and abide by each of the orders and judgments expressed therein and rendered by the court. The Clerk of Cobb Superior Court was made agent for service for Mr. and Mrs. Durham. They were also required to post a bond in the amount of $10,000. The bond was given to Kermit Sanders, Sheriff of Cobb County, and provides: "The condition of this bond is such, that said principals shall abide the order of the superior court passed in Case Number 26836 on the 2nd day of June, 1969, relating to the custody of the minor children, Fay and Dianne Spence, and toward that end said principals shall submit themselves to the jurisdiction of the Superior Court of Cobb County, Georgia, and the minor children above named for the purpose of any hearings and orders that may or can be legally passed and heard hereafter as if said Robert and Fay Durham were physically within the jurisdiction of said court. Should said provisions not be kept, then this bond to be forfeit, but otherwise said bond shall become null and void."

On June 3, 1971, Ronald Kenneth Spence and Mr. and Mrs. R. T. Spence filed an application for attachment for contempt and sought to require the maternal grandparents, Mr. and Mrs. J. R. Durham, to deliver the children to them and show cause why they should not be held in contempt of court for violating the divorce decree by allowing the mother to remove the children from their home.

On June 3, 1971, Mr. and Mrs. R. T. Spence filed an application for forfeiture of bond against Mr. and Mrs. J. R.

Durham, General Insurance Company of America and Kermit Sanders, Sheriff of Cobb County. The application contends that Mr. and Mrs. Durham had wilfully breached the conditions of the bond by allowing Susan Durham Spence to remove the children from their home in violation of the order of the court, and that they further wilfully breached the conditions of the bond in wilfully refusing to deliver the children to the paternal grandparents for the months of June, July and August 1971, as required by the order of the court.

Mr. and Mrs. J. R. Durham filed an answer to the application for contempt and denied the allegations of the petition. They contended that the court order sought to be enforced had been superseded by an order of the Superior Court of Forsyth County, North Carolina, which prohibited them from removing the children from Forsyth County, North Carolina. They also sought to have the application for contempt dismissed on various grounds. Mr. and Mrs. J. R. Durham and General Insurance Company filed an answer to the application for forfeiture of the bond in which they contended that the respondents had not wilfully or contemptuously violated the terms of the court's order and that their failure to deliver the children was due to the order of the North Carolina court. They also moved to dismiss the application for forfeiture of the bond on various grounds.

Kermit Sanders, Sheriff of Cobb County, filed pleadings in the suit.

After hearing evidence, the trial court held that Mr. and Mrs. J. R. Durham had deliberately violated the court's decree. The trial court fined the defendants $200 each and forfeited the bond they had given.

The defendants appeal to this court. *Held:*

1. The appellants contend that there is no provision of law which allows the appellees to bring an action for contempt and forfeiture of bond against them because they were not parties to the divorce proceedings.

The record shows that the nonresident appellants petitioned

the court to intervene in the divorce case, were made parties to the cause, accepted custodial benefits of the grandchildren which they had sought, consented to a judgment in Georgia requiring them to obey its provisions, filed the bond specified in the judgment, and returned with the children to North Carolina.

It is settled in this State that, "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653); *Turner v. McGee,* 217 Ga. 769, 772 (125 SE2d 36); *Dance v. Smith,* 223 Ga. 328 (1) (155 SE2d 10).

The mother of the children is not a necessary party to this proceeding. None of the mother's rights are in issue. The only question presented is whether the maternal grandparents violated the court's order.

There is no merit in enumeration of error No. 1.

2. Enumerations of error 2 and 3 contend that Cobb Superior Court had no jurisdiction to hear the applications for contempt and forefeiture of bond because jurisdiction of the Forsyth County, North Carolina court had superseded that of the Cobb County court.

The record shows that the divorce judgment was entered on June 2, 1969.

On May 25, 1971, Susan Durham Spence filed a proceeding in the Superior Court of Forsyth County, North Carolina, against Ronald Kenneth Spence, Mr. and Mrs. J. R. Durham and Mr. and Mrs. R. T. Spence, seeking to change the custody award entered by Cobb Superior court.

The order of the trial judge shows that the facts and circumstances on which he based his judgment occurred prior to May 25, 1971. Therefore, the subsequent proceedings in the North Carolina court had no effect on the contempt judgment.

These enumerations of error are without merit.

3. Enumerations of error Nos. 4, 5, 6, 8, 9, 10, 11, 16, 17, 18, 19, 20, 21, and 22 relate to the sufficiency of the evidence to support the judgment in the attachment for con-

tempt and forfeiture of the bond proceedings. The appellants contend that the appellees were required to prove their case by more than a preponderance of evidence.

The judgment in the divorce decree awarding custody of the children provided: "During these times, the respective parent, that is the plaintiff and the defendant in this case, may have the right to visit the children in the home of their respective parents without restriction except said respective parent shall be prohibited from removing the children from the home and *said grandparents shall prevent the same."* (Emphasis supplied).

This portion of the judgment specifically required the grandparents to prevent the removal of the children from their homes.

The trial court's order stated: "The testimony of John Durham [a private investigator] is positive that the minor children involved were in the apartment of Susan Spence March 24, 1971, from 6:30 p.m. until 8:10 a.m., March 25. In the afternoon of March 25 they were escorted to the apartment of Susan Spence by the maternal grandmother who left the apartment without the children, the two children remaining overnight, and were taken to the maternal grandparents' home at 8 a.m. on March 26, 1971; that evening at 9 p.m. Susan Spence returned the two children to her apartment. On the morning of March 27 the children came from the apartment, unattended, played a few minutes in the snow and returned to the apartment. The movants' contention that the children's presence in the home of Susan Spence not in the supervision of the maternal grandparents Durham is supported by the unqualified statement by Mrs. Durham that she was absent in the home of Susan Spence at those specific times referred to. The prior misconduct and unfitness of Susan Spence to have unsupervised visitation of the children was the impelling reason for the court's approval of the parties' agreement, without which such approval would not have been entered. It was restrictive and intended by the court to be restrictive so as to prevent the

mother from instilling tendencies toward sexual aberrations. The attitude of respondents that their daughter is a fit and proper person is indicative of their intent to circumvent the plain provisions of the court's order."

Mr. J. R. Durham testified by deposition that Mrs. Durham was primarily the motivating force in handling the conduct and affairs of the grandchildren.

In *Patten v. Miller,* 190 Ga. 152 (5) (8 SE2d 786), it was held: "Whether a contempt of court has been committed in the violation of an injunctive order, and how it shall be treated, are questions for the discretion and judgment of the court that issued the order, and its decision will not be interfered with by this court unless there is an abuse of discretion. If there be any evidence from which the judge could have concluded that his order had been violated, this court, under the above rule, has no power to disturb his judgment."

(a) In *Pedigo v. Celanese Corp. of America,* 205 Ga. 392 (54 SE2d 252) this court held that the preponderance-of-evidence rule applies in cases brought for contempt in disobeying an injunctive order.

(b) The evidence in this case was sufficient to support the judgment of the trial court on the contempt and forfeiture-of-bond applications against Mr. and Mrs. J. R. Durham.

There is no merit in these enumerations of error.

4. Enumeration of error No. 7 contends that the judgment of the trial court was error because the order of the court sought to be enforced merely stated the rights of the intervenors and contained no mandatory direction to them to abide by said order and therefore such an application for contempt and application for forfeiture of bond will not lie under law.

The final judgment in the divorce proceedings made the intervenors parties to the action. The decree made the grandparents custodians of the children and provided that during the periods of their respective custody, "the respective parent, that is to say, the plaintiff and the

defendant in this case, may have the right to visit the children in the home of their respective parents without restriction except said respective parent shall be prohibited from removing the children from the home and said grandparents shall prevent the same. . . Each of the parties hereto are hereby commanded and directed to obey and abide by each of the orders and judgments herein expressed and rendered." The bond provided: "Should said provisions [of the divorce decree of June 2, 1969] not be kept, then this bond to be forfeit, but otherwise said bond shall become null and void."

The final divorce decree specifically required the respective grandparents to prevent the removal of the children from their home by their respective parent and the bond was conditioned on this decree.

This enumeration of error is without merit.

5. Enumeration of error No. 12 contends that the paternal grandparents could not bring this application to forfeit the bond but that the Sheriff of Cobb County, the obligee in said bond, was the necessary party plaintiff.

This enumeration of error is without merit. The appellees were parties to the original decree and have custodial rights thereunder. They have a legitimate interest in seeing that the terms of the decree are obeyed. The obligee of said bond, Kermit Sanders, Sheriff of Cobb County, was a party to the proceedings. See *Code Ann.* § 81A-117 (a) (Ga. L. 1966, pp. 609, 629).

6. Enumeration of error No. 13 contends that the bond is invalid and unenforceable as an attempt to retain jurisdiction over appellants and the children. This contention is without merit. The bond is for the purpose of securing compliance with the court's order and not for the purpose of retaining jurisdiction. *Pruitt v. Butterfield,* 189 Ga. 593 (6 SE2d 786); *Good v. Good,* 205 Ga. 112 (1) (52 SE2d 610); and *Brown v. Goodloe,* 215 Ga. 755 (2) (113 SE2d 393). It is well settled in this State that the trial court can not retain jurisdiction in the final divorce decree. *Martin v. Hendon,* 224 Ga. 221 (1) (160 SE2d 893).

7. Enumeration of error No. 14 contends that "the event adjudged by the said court to be contemptuous is not reasonably related to the forfeiture of the bond and said forfeiture could not have been the intent of the original trial court."

We do not agree. The order provides: "It is further provided that inasmuch as the grandparents Durham are nonresidents of the State of Georgia and are at present residents of the State of North Carolina, that said grandparents Durham and each of them jointly and severally shall give bond within thirty days of this decree in the sum of ten thousand and no/100 ($10,000) dollars with good security thereon approved by this court or the clerk of this court conditioned upon said grandparents Durham complying with and abiding by the terms and provisions of this judgment. . ." The bond is so conditioned. See 42 AmJur2d 53, § 52. In our opinion the court intended that the appellants would abide the entire order of the court and not just the provision requiring the return of the children to Georgia so long as the order was valid and not superseded by a later order of a court obtaining lawful jurisdiction. The trial court's order here is based upon a violation of its order before the North Carolina court assumed jurisdiction of the children and gave their temporary custody to the mother and enjoined their removal from North Carolina.

There is no merit in this enumeration of error.

8. Enumeration of error No. 15 contends that the trial court did not have jurisdiction to enforce the bond under the circumstances of this case. This enumeration of error is without merit. Since the courts of this State have the authority to require the bond of nonresidents, they have the authority to forfeit it upon a proper showing.

9. Enumeration of error No. 23 contends that the finding of contempt with a fine and the forfeiture of the bond constitute "excessive plenary action" and penalizes appellants twice, contrary to law. We do not agree. The punishment for contempt and the posting of bond upon

awarding custody of children to nonresidents are authorized and the penalties being so authorized we see no reason why both cannot be imposed. *Code* § 24-2615 (5); *Pruitt v. Butterfield,* 189 Ga. 593, supra; *Good v. Good,* 205 Ga. 112 (1), supra; *Brown v. Goodloe,* 215 Ga. 755 (2), supra.

*Judgment affirmed. All the Justices concur, except Hawes, J., who concurs in the judgment only.*

ARGUED DECEMBER 14, 1971—DECIDED JANUARY 6, 1972—
REHEARING DENIED FEBRUARY 11, 1972.

J. M. *Grubbs, Jr., Adele Platt, W. W. Mundy, Jr.,* for appellants.

G. *Conley Ingram, R. Kelly Raulerson,* for appellees.