## 47963. DURHAM et al. v. SPENCE et al.

QUILLIAN, Judge. The Supreme Court transferred this appeal to our court. The facts pertinent to a consideration of this appeal are set forth in the Supreme Court's opinion. "The appellants gave a bond in a divorce proceeding involving their grandchildren. A full statement of the facts is related in *Durham v. Spence,* 228 Ga. 525 (186 SE2d 723), where that court affirmed the trial court's order on a contempt of court and forfeiture of bond proceeding. The remittitur of that court was made the

judgment of the trial court and the bond funds were paid to the Cobb County Sheriff. The appellees made application for the proceeds of the forfeited bond. The appellants answered the application and asserted that the appellees were not entitled to the bond funds and that the court should maintain the funds for the use and benefit of the minor children, or in the alternative that the fund should be paid into the treasury of Cobb County. After hearing evidence regarding the amount of damages incurred by the appellees in the proceedings, the trial court ordered the Sheriff of Cobb County to pay the proceeds of the bond to the appellees. The appeal is from this judgment." *Durham v. Spence,* 229 Ga. 835 (195 SE2d 23). *Held:*

It is obvious that the funds in question are no longer a concern of the appellants in this case. The money had passed beyond their control and was being held by the Cobb County Sheriff. The appellants here have not established their rights either as citizens or taxpayers. Merely because they were the parties who forfeited the bond gives them no standing to question the disbursement of the funds herein involved. In short, the liability of the appellants has ceased as has their right to question the application of the funds.

The trial judge did not err in the judgment rendered insofar as the parties to this appeal are concerned. In making this ruling we in no way intimate the validity of the judgment entered by the trial judge or make any finding as to the right of other proper parties to attack such judgment.

*Judgment affirmed. Bell, C. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED MARCH 5, 1973 — DECIDED APRIL 17, 1973 — REHEARING DENIED MAY 29, 1973 — ▮▮▮▮▮▮▮▮

*J. M. Grubbs, Jr., Adele Platt, William W. Mundy,* for appellants. *Ingram, Flournoy, Downey & Cleveland, G. Conley Ingram, R. Kelly Raulerson,* for appellees.