## 28823. GERMAN v. JOHNSON et al.

HALL, Justice.

This is an appeal in a child custody proceeding. The father, to whom custody was given in the divorce decree, has moved to Texas. The mother remained in Georgia. Though the appeal is from a subsequent order of the superior court, the central question is the proper construction of that court's order dated June 26, 1973, reading in pertinent part as follows:

"4. The custody of Phyllis Danielle Johnson, the minor, shall remain with defendant Jack Benjamin Johnson, as was originally provided in the divorce decree, the [sic] court further directs that the minor may remain with the defendant [grandmother] . . . and subject to the jurisdiction of DeKalb Superior Court, pending the decision of the Supreme Court of Georgia on an appeal in the instant case, or until further order of this court.

"5. Defendant Jack Benjamin Johnson is directed to post a $5,000 bond conditioned on the minor remaining subject to the jurisdiction of DeKalb Superior Court, until final determination of the appeal referred to above."

We construe this order to mean that the court has allowed the father either to leave the child with the grandmother, a Georgia resident, within the superior court's jurisdiction pending the mother's appeal on the main issues in litigation, or alternatively, to take the child to Texas with an agreement to bring her back should this court, upon appeal, rule against the father's legal position. The bond was designed to insure the child's return to the jurisdiction in that event. See *Durham v. Spence,* 228 Ga. 525, 531 (186 SE2d 723); *Soderburg v. Soderburg,* 212 Ga. 685 (94 SE2d 873).

This was the interpretation of the June 26, 1973 order placed upon it by the issuing court in a further order dated August 10, 1973, denying both parents' contempt actions and ruling that the mother, with whom the child was visiting, must return the child to the father. That order was entered following a hearing at which it was made plain that the father's purpose in securing the return of the child was to take her to Texas, his new home, to be enrolled in school. We construe the action of the superior court in ordering the return of the child

to the father for this purpose to show the court's consent to the physical removal of the child from the jurisdiction of that court. The court in colloquy with the attorneys made plain its decision that the bond would assure any rights of the mother.

Subsequently, this court, in *German v. Johnson,* 231 Ga. 454 (202 SE2d 89), decided the appeal on the main issue by affirming the lower court's decision that it did not have jurisdiction of the father. Thus, the mother was denied relief on her habeas corpus petition.

Following this court's affirmance, the mother applied to the court to forfeit the father's bond, on the asserted ground that the father had taken the child to Texas, and the bond was designed to insure the child's continuing presence in Georgia until this court's decision, for the purpose of allowing her to enjoy visitation privileges with her child. The superior court disagreed, and on January 23, 1974, ordered the bond vacated and discharged, and granted all the defendants' motions to dismiss her action to forfeit the bond. The present appeal is from this order.

The mother's position is without support in the record. The bond, as we have construed its purpose above, was satisfied when this court affirmed the judgment of the court below on appeal. Accordingly, the court below correctly discharged the bond and dismissed the petition.

*Judgment affirmed. All the Justices concur.*

Argued May 14, 1974 — Decided July 2, 1974.

*Strother, Strother & Hicks, Glenn H. Strother,* for appellant.

*Schwall & Heuett, Emory A. Schwall, Lee S. Alexander,* for appellees.