## 53200. POWELL v. WILLFORD.

MARSHALL, Judge.

Appellant Powell brings this appeal from the judgment holding him in contempt for failure to pay child support payments mandated by an earlier judgment of the same court. The sole enumeration of error is that the trial court disregarded the uncontradicted evidence of appellant that he was unable to make the required child support payments. *Held:*

Appellant offered evidence that during the three

years prior to the hearing in this case he was unable to earn any money; that his contracting business consistently suffered a loss; that he had sold or mortgaged all his property and was not able to make such child support payments. There was further evidence that appellant worked most weeks and on some weeks earned a profit and on others suffered a net loss. Only on the whole had he operated his business at a loss. Other evidence indicated that during the 41 weeks immediately preceding the contempt hearing, appellant had made at least 30 weekly payments.

The evidence before the court presented a conflicting situation. There was evidence that payments were impossible, but other evidence indicated that even in the face of hardship, appellant could and indeed had made the required payments. Thus there was some evidence that the appellant could make the required support payments but had deliberately chosen not to. If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will not be disturbed and will be affirmed on appeal. *Crowder v. Crowder,* 236 Ga. 612 (225 SE2d 16). See *Durham v. Spence,* 228 Ga. 525, 530 (186 SE2d 723). The evidence of record supports the determination of the trial court in this case.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1977 — DECIDED FEBRUARY 17, 1977.

Charlie Lee Powell, *pro se.*
W. L. Salter, Jr., for appellee.