## 35757. CLASSIC ART CORPORATION v. THE STATE.

NICHOLS, Chief Justice.

A jury found the Classic Art Corporation guilty of distributing obscene material. On appeal, the defendant asserts that the trial court erred in overruling its motions for a new trial and for a mistrial. This court affirms.

Appellant's first enumeration claims there was insufficient evidence to find that the Classic Art Corporation owns or controls the theater where the obscene films were shown. The state introduced as evidence the Articles of Incorporation of the Classic Art Corporation. This document shows that the corporation was duly incorporated for the purpose of "operating movie theaters and bookstores and showing movies to the general public . . ." The registered office of the corporation was listed as "21 Houston St., Atlanta, Ga." In addition the documentary evidence shows that, as part of the incorporation process, the Secretary of State certified that "the name 'Classic Art Corporation' is not identical with or confusingly similar to the name of any other proposed domestic . . . corporation . . ." A City of Atlanta business license was also introduced as evidence. It shows that the "Classic Art Corporation" was licensed to do business at "21 Houston St., Atlanta, Ga." The unrefuted testimony of the state's witness indicated that the theater where the obscene films were shown was located at 21 Houston St., and was called the "Classic Art." The appellant presented no evidence at trial.

The test to apply here is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, —- U. S. —- (99 SC 2781, 61 LE2d 560) (1979). The trial court charged the jury on Code Ann. § 26-803 which provides in part that "a corporation may be prosecuted for . . . a crime if, . . . the commission of the

crime is authorized, requested, commanded, performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment in behalf of the corporation." The uncontradicted evidence presented by the state authorized the jury to find the appellant guilty beyond a reasonable doubt of distributing obscene material.

Appellant's second enumeration claims that the trial court erred in not declaring a mistrial or in not giving cautionary instructions after the prosecutor in his closing argument commented upon the appellant's silence and its not calling any witnesses or presenting any evidence. Code Ann. § 38-415. First, there is no error in the prosecutor's comment that the appellant produced no witnesses or evidence. *Jordan v. State,* 239 Ga. 526 (238 SE2d 69) (1977); *Bryant v. State,* 146 Ga. App. 43 (245 SE2d 333) (1978); *Gamarra v. State,* 142 Ga. App. 196 (235 SE2d 652) (1977); see also *Drake v. State,* 239 Ga. 232 (236 SE2d 748) (1977). Second, Code Ann. § 38-415 is governed by the same standards as the 5th Amendment privilege against self-incrimination. *Carter v. State,* 238 Ga. 446 (233 SE2d 201) (1977), cert. den., 434 U. S. 842 (1977); *Jordan v. State,* supra, at 527-528. Under the 5th Amendment, a corporation cannot avail itself of the privilege against self-incrimination. United States v. White, 322 U. S. 694 (64 SC 1248, 83 LE 1542) (1944); George Campbell Painting Corp. v. Reid, 392 U. S. 286 (88 SC 1978, 20 LE2d 1094) (1968). Therefore, there is no merit to appellant's claim that the prosecutor impermissibly commented on the corporation's failure to have a member of its board of directors testify at trial.

*Judgment affirmed. All the Justices concur.*

Submitted December 21, 1979 — Decided February 26, 1980 — Rehearing denied March 13, 1980.

*Glenn Zell,* for appellant.
*Hinson McAuliffe, Solicitor,* for appellee.