68831. PONDER et al. v. PONDER et al.

(323 SE2d 210)

POPE, Judge.

This is an appeal from a finding by a trial court that appellants Mrs. J. G. Ponder, Jr., Paul Ponder, Abner Ponder, and Joe Ponder were in contempt of court for violation of an injunctive order relating to the use of certain property. Appellants argue that the judgment of the court is contrary to the law and to the evidence. They further argue that the court erred in failing to grant appellant Joe Ponder's motion to strike.

1. It has long been the rule that whether contempt of court in violation of an injunctive order has occurred and how it is to be punished is within the discretion of the court that issued the order. The decision of the trial court will not be disturbed by an appellate court absent abuse of discretion. If there is any evidence from which the trial court could have concluded that its order had been violated, this court is without power to disturb the judgment. *Williams v. William L. Lampkin & Co.*, 53 Ga. 200 (4) (1874); see also *Durham v. Spence*, 228 Ga. 525 (3) (186 SE2d 723) (1972); *Patten v. Miller*, 190 Ga. 152 (5) (8 SE2d 786) (1940). Of course, the standard of proof in cases brought for contempt in disobeying an injunctive order is the preponderance of the evidence. *Pedigo v. Celanese Corp. of America*, 205 Ga. 392 (3) (54 SE2d 252) (1949). After a thorough review of the record, we find that the evidence, although circumstantial, is sufficient to support the trial court's findings.

2. Nor do we find meritorious appellant Joe Ponder's arguments that the trial court erred in failing to strike certain allegations in the petition for contempt. The petition for contempt alleged violations of two separate court orders. The allegations sought to be struck were arguably within the ambit of the February 3, 1982 restraining order; therefore the court did not err in refusing to strike them. See *Northwestern Mut. Life Ins. Co. v. McGivern*, 132 Ga. App. 297 (3) (208 SE2d 258) (1974).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 20, 1984 —
REHEARING DENIED OCTOBER 15, 1984.

*Jack G. Slover, Jr.*, for appellants.
*Thomas L. Lehman, William U. Norwood III*, for appellees.