A08A1343. THOMPSON v. THE STATE.
(670 SE2d 152)

BARNES, Chief Judge.

Brett Jones Thompson appeals the trial court's order of civil contempt contending that the trial court erred by finding her in civil contempt of court for refusing to obey the court's order to produce a document.[1] Thompson argues that the order violates her right against self-incrimination protected by the Fifth Amendment of the U. S. Constitution, Art. I, Sec. I, Par. XVI of the Georgia Constitution, OCGA §§ 24-9-20,[2] and 24-10-29.[3] For the reasons stated below, we affirm.

The standard of review for reviewing an order of civil contempt is whether there is any evidence to support the lower court's order. If there is any evidence to support the trial court's decision, an appellate court may not disturb the judgment absent an abuse of discretion. *Harrison v. CGU Ins. Co.*, 269 Ga. App. 549, 555 (604 SE2d 615) (2004); *Ponder v. Ponder*, 172 Ga. App. 372 (1) (323 SE2d 210) (1984).

Thompson, a defendant in a criminal action in the Superior Court of Gilmer County, is the sole practitioner and shareholder of Brett Thompson, Attorney at Law, P.C. She is charged with one count of first degree forgery and one count of tampering with evidence for allegedly forging the signature of a former employee on a noncompetition agreement, which she then tried to enforce when the employee sought employment with a competing local lawyer. The indictment alleges that Thompson concealed and then destroyed the original document.

The State attempted to obtain the original noncompete agreement in reciprocal discovery, but Thompson failed to produce it. The State then obtained a search warrant for Thompson's office, but the search warrant was not executed because Thompson told the investigators that she had already given the document to her attorney. Consequently, the State subpoenaed her attorney and his law firm to

---

[1] The criminal charges against Thompson remain pending below.

[2] OCGA § 24-9-20 (a): "No person who is charged in any criminal proceeding with the commission of any indictable offense or any offense punishable on summary conviction shall be compellable to give evidence for or against himself."

[3] OCGA § 24-10-29: "This article shall apply to all civil cases and, insofar as consistent with the Constitution, to all criminal cases."

produce the document, but the attorney testified that he had given it back to Thompson before he received the subpoena.

After a motions hearing, the trial court granted the State's Motion to Require Appellant to Comply with her Reciprocal Discovery Obligations. The court found that the document belonged to the corporation Brett Thompson, Attorney at Law, P.C., not to Thompson personally, and granted the State's Motion for Subpoena for the Production of Evidence on Defendant. The State subpoenaed Thompson, as an agent of the corporation, to turn over the noncompete agreement at an upcoming hearing. Thompson moved to Quash the Subpoena for the Production of Evidence, again asserting that it violates her right against self-incrimination. After a hearing on the matter, the court denied Thompson's Motion to Quash and ordered her to produce the noncompete agreement instanter. When Thompson refused to do so, the court found her in civil contempt of court and ordered her immediate incarceration until she yielded the document at issue. The court then granted Thompson's Motion for Supersedeas Bond, releasing her pending the outcome of her appeal of the court's order.

Although Thompson is correct in noting that the Fifth Amendment to the U. S. Constitution affords each citizen a right against self-incrimination, and that Georgia law has long been interpreted to afford greater protection of that right in many circumstances, Thompson's arguments fail to address the key issue in this case. The document that Thompson refused to produce on the grounds that it violates her right against self-incrimination is a corporate document, not a personal one, and the State subpoenaed Thompson, not as a private individual, but as an agent of the corporation. Under both Georgia and Federal law, corporations have no Fifth Amendment rights, and because the noncompete agreement is a corporate document, Thompson cannot assert her personal right against self-incrimination in refusing to produce it.

It is well established that corporations and other collective entities are treated differently than individuals regarding the right against self-incrimination in that corporations have no right or privilege against self-incrimination. *Braswell v. United States*, 487 U. S. 99, 108-109 (108 SC 2284, 101 LE2d 98) (1988); *Classic Art Corp. v. State*, 245 Ga. 448, 448 (265 SE2d 577) (1980); *Jacobs v. State of Ga.*, 157 Ga. App. 466, 468 (278 SE2d 21) (1981). Additionally, because corporate agents and officials are considered to hold corporate documents in a custodial capacity rather than a personal capacity, they cannot rely on their individual right against self-incrimination in refusing to produce corporate records or documents, even if it could incriminate them personally. *Braswell*, supra, 487 U. S. at 117-118; *Jacobs*, supra, 157 Ga. App. at 468. "[W]ithout

regard to whether the subpoena is addressed to the corporation, or as here, to the individual in his capacity as a custodian, a corporate custodian such as petitioner may not resist a subpoena for corporate records on Fifth Amendment grounds." (Citations omitted.) *Braswell*, supra, 487 U. S. at 108-109.

Thompson argues that because she is the only officer of the corporation and the State is seeking to use the document against her personally in a criminal trial, she may rely on her personal right against self-incrimination. Thompson cites no authority for that proposition. Further, it is inconsistent with existing case law. "It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be." (Citation and punctuation omitted.) *Braswell*, supra, 487 U. S. at 108; *In re Agan*, 498 FSupp. 493, 494 (N.D. Ga. 1980) (holding president and sole shareholder of a corporation could be compelled to produce corporate records even though they could incriminate him personally).

Thompson also contends the noncompete agreement is not a corporate document because it was allegedly forged. This argument is without merit. The document names Brett Thompson, Attorney at Law, Professional Corporation, and the former employee, whose signature is alleged to have been forged, as parties to the contract and refers to the parties as "employee" and "company" throughout. Furthermore, when Thompson disclosed the agreement to the competing attorney, she was acting as an officer of the corporation in furtherance of a corporate business matter, not a personal one. Thus, the agreement is a corporate document, and the fact that Thompson is the sole officer and shareholder of the corporation does not dissolve the corporate entity nor does it make the noncompete agreement any less of a corporate document. *Barnes v. Finnegan Enterprises*, 150 Ga. App. 430 (1) (258 SE2d 55) (1979); *Amason v. Whitehead*, 186 Ga. App. 320, 322 (367 SE2d 107) (1988).

Accordingly, we find the evidence was sufficient for the trial court to find Thompson in civil contempt for failing to produce the document.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 2008.

*Clegg, Daniels & Petrey, Thomas S. Clegg, Jennifer M. Daniels*, for appellant.

*Joe W. Hendricks, Jr., District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.